UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ALFORD,<br><br>   Plaintiff,<br><br>   v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>   Defendant. | Case No. 16-cv-04723-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Pending before the Court is a motion to dismiss Plaintiff Nicholas Alford's complaint brought by Defendant JP Morgan Chase Bank, N.A. ("Chase"). Dkt. No. 12. Having considered Chase's motion, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons below, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.[1]

Chase moves to dismiss the complaint for five main reasons: (1) each of Plaintiff's claims fails because Plaintiff does not allege actual damages; (2) Plaintiff cannot state a claim under the Real Estate Settlement Procedures Act ("RESPA") because Plaintiff's allegations demonstrate that Chase complied with the requirements of RESPA; (3) Plaintiff's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") fails because Chase is not a "debt collector" and Chase was not attempting to collect on a "debt" under the RFDCPA[2]; (4) Plaintiff does not allege unlawful,

---

[1] On October 11, 2016, Chase requested that the Court take judicial notice of the deed of trust on Plaintiff's property. Dkt. No. 13. The Court GRANTS Chase's request because the deed of trust is a matter of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201.
[2] Chase's motion to dismiss incorrectly addresses Plaintiff's second claim as a claim under the Fair Debt Collection Practices Act ("FDCPA") rather than under the RFDCPA. *Compare* Dkt. No. 12 at 6-7 (addressing the FDCPA) *with* Dkt. No. 1 at 10-11 (asserting an RFDCPA claim). However, in its reply, Chase's arguments in support of dismissing Plaintiff's RFDCPA claim are substantively identical to the arguments Chase made in support of dismissing an FDCPA claim. *Compare* Dkt. No. 12 at 6-7 *with* Dkt. No. 25 at 5-6. Accordingly, the Court construes Chase's arguments in its motion to dismiss as purported bases for dismissing Plaintiff RFDCPA claims.

fraudulent, or unfair conduct by Chase to supports his UCL claim; and (5) Plaintiff cannot state a claim for intentional infliction of emotional distress ("IIED") because he does allege the requisite level of "outrageous" and intentional conduct required.

1. Chase's motion to dismiss Plaintiff's entire complaint for failure to allege actual damages is DENIED. Plaintiff alleges that as a result of Chase's improper attempts to collect over $6,000 in delinquent taxes that Plaintiff did not owe and Chase's subsequent credit to Plaintiff's escrow account, Plaintiff was forced "to pay an additional $6,000.00 in income taxes." Dkt. No. 1 ("Compl.") ¶ 45. Chase fails to cite any authority in support of its argument that such damages are "de minimis and overly speculative in nature." *See* Dkt. No. 12 at 5 n. 6. Accordingly, the Court finds that these allegations sufficiently allege actual damages for each of Plaintiff's claims.

2. Chase's motion to dismiss Plaintiff's RESPA claim is DENIED. Even if Chase eventually corrected the alleged error by crediting Plaintiff's account, Plaintiff alleges that Chase did not credit his escrow account until almost two years after he submitted his first notice of error. *See* Compl. ¶¶ 12-15, 44. This length of time is far longer than the forty-five business days RESPA permits loan servicers to correct any errors. *See* 12 C.F.R. § 1024.35(e) (1)(i)(A)). Similarly, even if Chase researched Plaintiff's complaint for months, the Court cannot determine at this stage whether Chase conducted a "reasonable investigation" in response to Plaintiff's notice of error as alternatively required by RESPA. *See* 12 C.F.R. § 1024.35(e)(1)(i)(B). This is especially true in light of Plaintiff's allegations that Chase initially informed him that the delinquent taxes were owed for the years 2007, 2008, and 2009, and later represented that the delinquent taxes were for only the 2008 tax year. *See* Compl. ¶¶ 15, 21; *see also Guccione v. JPMorgan Chase Bank, N.A.*, No. 3:14-CV-04587 LB, 2015 WL 1968114, at *12 (N.D. Cal. May 1, 2015) (finding contradictory explanations sufficient to allege a violation of section 1024.35(e)(1)(i)(B)); *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 805 (E.D. Pa. 2014). The Court finds that Plaintiff has adequately pled a RESPA violation at the pleading stage.

3. The motion to dismiss Plaintiff's RFDCPA claim is DENIED. "As a number of courts have recognized, the definition of 'debt collector' is broader under the [RFDCPA] than it is under the FDCPA, as the latter excludes creditors collecting on their own debts." *Reyes v. Wells*

2

*Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (collecting cases). Plaintiff's allegations plausibly support a finding that Chase was acting as a "debt collector" under the RFDCPA, which broadly and unambiguously defines the term as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ.Code § 1788.2(c); *see also Guccione*, 2015 WL 1968114, at *14 (N.D. Cal. May 1, 2015) (finding Chase a debt collector under the RFDCPA's "broad definitions"). Moreover, while courts in this district have found that "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA," *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009), at least one court has distinguished between "improper billing and collection practices" and "foreclosure." *See Guccione*, 2015 WL 1968114, at *13 (N.D. Cal. May 1, 2015); *see also Reyes*, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011) (recognizing that "[w]here the claim arises out of debt collection activities 'beyond the scope of the ordinary foreclosure process,' however, a remedy may be available under the Rosenthal Act"). Here, Plaintiff alleges that Chase engaged in "improper billing and collection practices" when it attempted to collect over $6,000 in allegedly delinquent taxes that Plaintiff did not owe, not that Chase attempted to foreclose on Plaintiff's home. *See generally* Compl. As such, the Court finds that Plaintiff has adequately pled that Chase acted as a "debt collector" collecting a "debt" under the RFDCPA.

4. Chase's motion to dismiss Plaintiff's UCL claim is DENIED. Because the Court found above that Plaintiff's RESPA and RFDCPA claims survive the pleading stage, Plaintiff has sufficiently pled a claim under the UCL's unlawful prong. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (the unlawful prong of the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable"); *Guccione*, 2015 WL 1968114, at *16 (N.D. Cal. May 1, 2015) ("[T]he court already has ruled that Plaintiffs' RESPA and RFDCPA claims survive, and this means that Plaintiffs' 'unlawful' UCL claim survives, too.") Additionally, the Court finds Plaintiff's allegations that Chase improperly attempted to charge him over $6,000 in delinquent property taxes for almost two years, while sending Plaintiff inconsistent explanations and incorrect

3

documentation, states a claim under the UCL's unfair prong. *See Phipps v. Wells Fargo Bank, N.A.*, No. CV F 10-2025 LJO SKO, 2011 WL 302803, at *16 (E.D. Cal. Jan. 27, 2011) (describing California's three tests under the UCL's unfair prong). Accordingly, the Court finds that Plaintiff's UCL claim survives the pleading stage under both the unlawful and unfair prongs.[3]

5. The motion to dismiss Plaintiff's IIED claim is GRANTED. Plaintiff does not oppose Chase's motion to dismiss his IIED claim. *See generally* Dkt. No. 24. Accordingly, the Court interprets Plaintiff's failure to oppose as a concession that his IIED claim should be dismissed. *See Marziano v. Cty. of Marin*, No. C-10-2740 EMC, 2010 WL 3895528, at *4 (N.D. Cal. Oct. 4, 2010) (failure to oppose motion to dismiss interpreted as a concession that claim at issue should be dismissed); *see also GN Resound A/S v. Callpod, Inc.*, No. C 11-04673 SBA, 2013 WL 1190651, at *5 (N.D. Cal. Mar. 21, 2013) (construing plaintiff's failure to oppose defendant's argument as concession of said argument).

\*   \*   \*

For the foregoing reasons, Chase's motion to dismiss is GRANTED IN PART and DENIED IN PART. Chase's motion to dismiss Plaintiff's IIED claim is GRANTED WITH LEAVE TO AMEND. The remainder of Chase's motion is DENIED.

To the extent Plaintiff is able to state an IIED claim that comports with the requirements of *Twombly* and all other controlling legal standards, Plaintiff may file an amended complaint within 21 days of the date of this Order. The Court sets a case management conference for February 7, 2017 at 2:00pm. The parties shall file a joint case management statement by January 31, 2017.

**IT IS SO ORDERED.**

Dated: 12/22/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] In his opposition, Plaintiff does not argue that he states a claim under the UCL's "fraudulent" prong. *See* Dkt. No. 24 at 12-14. Thus, Plaintiff's UCL claim is limited to theories under the UCL's "unlawful" and "unfair" prongs.