1  Joseph E. Addiego III (CA SBN 169522)
   John D. Freed (CA SBN 261518)
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California  94111
   Telephone:    (415) 276-6500
4  Facsimile:    (415) 276-6599
   Email:        jakefreed@dwt.com
5                joeaddiego@dwt.com

6  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.
7

8              IN THE UNITED STATES DISTRICT COURT

9             THE NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

11
   NICHOLAS ALFORD,                    )  Case No.  16-cv-04723-HSG
12                                      )
              Plaintiff,               )  **MOTION TO EXTEND CUTOFF FOR**
13                                      )  **HEARING DISPOSITIVE MOTIONS;**
        v.                             )  **DECLARATION OF JOHN FREED**
14                                      )
   JPMORGAN CHASE BANK, N.A.,          )  **(IMMEDIATE ACTION REQUESTED)**
15                                      )
              Defendant.               )  **Civ. L.R. 6-3**
16                                      )
                                        )
17  _____     )

18

19

20

21

22

23

24

25

26

27

28

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully submits this administrative motion pursuant to Civil Local Rule 6-3. Chase requests a five-week extension of the cutoff for hearing dispositive motions, and a commensurate extension of the pretrial conference and trial start dates.

The current hearing cutoff date is October 5, 2017, which makes Chase's deadline to file summary judgment August 31, 2017. Although discovery is otherwise closed, one deposition remains to be taken on September 26, 2017. Chase attempted to obtain a stipulation from Plaintiff without success, and in fact reached a stipulation in principle before Plaintiff reneged.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Fact discovery in this case closed on July 7, 2017. (*See* Dkt. No. 40.) Plaintiff took no written discovery before this time, and waited until the final days of June 2017 to serve a Rule 30(b)(6) deposition notice. (Freed Declaration ¶¶ 2-3.) The noticed deposition included a range of overbroad topics relating to Chase's general policies and procedures about a wide range of areas, and when Plaintiff refused to compromise on the breadth of his topics, Chase initiated the letter brief process with Judge Beeler. Chase agreed that discovery could be extended past the July 7 cutoff for the limited purpose of the 30(b)(6) deposition, because Plaintiff had noticed it prior to the cutoff. (*Id.* ¶ 3.) During the pendency of Judge Beeler's decision, Chase's counsel offered dates in August 2017 for the deposition, but Plaintiff's counsel stated she would rather not schedule the deposition until after Judge Beeler issued her ruling. (*Id.* ¶ 4.) Judge Beeler issued her ruling on July 28, 2017 (*see* Dkt. No. 50).

By the time Judge Beeler ruled, Chase's 30(b)(6) witness only had availability on September 12-14 and Sept. 25-29. Plaintiff's counsel selected September 26, and the deposition is set to go forward on that date. (Freed Decl. ¶ 5.) During the scheduling discussions, on August 10, Chase's counsel suggested stipulating to move the entire case schedule back six to eight weeks because it is more sensible to complete all fact discovery before filing summary judgment motions. (*Id.* ¶ 6.) Based on the current schedule (*see* Dkt. No. 40), dispositive motions must be filed by August 31, with a hearing cutoff date of October 5.

On August 11, Plaintiff's counsel responded in writing that she "agreed" to the proposed extension. (Freed Decl. ¶ 6.) On August 14, Chase's counsel presented Plaintiff's counsel with a draft stipulation to extend the schedule approximately six weeks. On August 15, Plaintiff's counsel responded and suggested "we should hold off on filing the stipulation" in light of a forthcoming request to amend Plaintiff's Complaint. Counsel stated that, if Chase would stipulate to the proposed amendment, the parties could file an omnibus stipulation to address both the schedule and the amendment. (*Id.* ¶ 7.)

On August 16, five days after agreeing to a schedule extension, Plaintiff's counsel first provided a draft proposed amended Complaint, which she described as "just add[ing] more facts." (Freed Decl. ¶ 8.) Over the weekend, Chase's counsel analyzed the proposed amendment and found that it attempted to allege facts supporting liability that Plaintiff had failed to identify in response to explicit requests in Chase's interrogatories, requests for production of documents, and questioning in Chase's deposition of Plaintiff. On August 22, Chase accordingly declined to stipulate to an amendment, concluding that a post-discovery amendment on the eve of summary judgment was not proper, particularly given the new facts alleged.[1] (*Id.*)

On August 23, Plaintiff's counsel wrote to Chase's counsel that "[w]e won't be stipulating to change the date of the filing of the MSJ." (Freed Decl. ¶ 9.) Chase's counsel responded, pointing out that Plaintiff's counsel had already agreed to the stipulation in writing before ever proposing an amended complaint, and that Chase had merely agreed to delay filing the stipulation based on Plaintiff's suggestion that an omnibus stipulation could be filed to address both the schedule and the proposed amendment. Plaintiff's counsel refused to modify her position, despite the clear prejudice to Chase created by reneging on her agreement to extend the schedule twelve days after having made that agreement, and only eight days before the summary judgment deadline. (*Id.* ¶¶ 10-11.) Plaintiff's counsel maintained that Chase would not be prejudiced by her last-minute reversal, arguing that Chase would still have a week to get its papers prepared.

## II.     ARGUMENT

Civil Local Rule 6-3 permits a party to bring a Motion to Change Time that:

---

[1] Chase will be opposing Plaintiff's August 23 motion for leave to amend.

(1)  Sets forth with particularity, the reasons for the requested enlargement or shortening of time;

(2)  Describes the efforts the party has made to obtain a stipulation to the time change;

(3)  Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and

. . . .

(5)  Discloses all previous time modifications in the case, whether by stipulation or Court order;

(6)  Describes the effect the requested time modification would have on the schedule for the case.

Chase seeks a reasonable extension of five weeks to the case schedule to allow for all discovery to be taken before summary judgment motions must be filed.  No time modifications have previously been granted in the case.  Chase also seeks that trial be extended by a commensurate amount to give the Court ample time to rule on Chase's expected summary judgment motion before Chase must commit extensive resources to trial preparation.  Chase proposes the following revised dates:

| Event | Current Date | Proposed Date |
|---|---|---|
| Dispositive Motion Hearing Deadline | October 5, 2017 | November 9, 2017 |
| Pretrial Conference | January 9, 2018 | February 13, 2018 |
| Trial Commencement | January 22, 2018 | February 26, 2018 |

Currently, Plaintiff's Rule 30(b)(6) deposition of Chase is scheduled twenty-six days *after* the deadline to file summary judgment.  The lateness of the deposition is due to Plaintiff having waited until the eve of the fact discovery cutoff to notice it.  Due to the uncompromising overbreadth of the notice, Chase was forced to challenge its scope.  By the time Judge Beeler ruled on the Challenge, Chase's witness-designate only had availability in September.

Chase submits it makes no sense to file summary judgment motions and oppositions when a key deposition remains outstanding.  Plaintiff's counsel appeared to agree with this common-

sense view when she agreed on August 11, in writing, to a proposed extension.  Only after she agreed to the extension did counsel first request that Chase stipulate to an amended Complaint. She induced Chase to refrain from filing the already-drafted stipulation on the extension by representing that, if Chase agreed to the amendment, an omnibus stipulation could be filed to address both issues simultaneously.

Out of respect for efficiency, Chase's counsel agreed to not file the scheduling stipulation and, in the interim, to review the proposed amendment.  After a good-faith review of the proposed amendment, Chase determined that it improperly sought to allege facts that Plaintiff explicitly had not provided in discovery, and declined to stipulate to the amendment.  Then, on August 23— twelve days after agreeing to an extension and only eight days before the summary judgment deadline—Plaintiff's counsel reneged on her agreement and demanded that Chase file summary judgment by August 31.

Chase is now faced with having to prepare summary judgment papers in a week's time, having refrained from preparing its papers in reliance on counsel's  prior agreement to an extension.  Chase acknowledges that any such extension was conditional on the Court's agreement, however, Chase reasonably believed the Court would grant the extension given the typical practice of completing fact depositions before summary judgment occurs.

Had Plaintiff's counsel simply rejected a proposed extension on August 11, Chase would have either made this administrative motion earlier, or would simply have taken the past two weeks and prepared its summary judgment papers, to the extent it is able to do so without the benefit of the outcome of the September 26 deposition.  She did not.  She agreed to an extension and then reneged on her agreement when Chase would not agree to an unrelated issue she raised after the fact—Plaintiff's request for an untimely and improper amendment to his Complaint.

Plaintiff's counsel's conduct has required this otherwise unnecessary motion, as well as the expenditure of time and effort on the part of Chase's counsel to resolve the issue.  Chase accordingly requests an order requiring Plaintiff's counsel reimburse Chase for its expenses in preparing this administrative motion and supporting materials.

DATED August 25, 2016

DAVIS WRIGHT TREMAINE LLP
Joseph E. Addiego, III
John D. Freed

By:/s/ John D. Freed
    John D. Freed

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

Dated: 8/28/2017

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DENIED**

*Haywood S. Gill Jr.*

Judge Haywood S. Gilliam Jr.